### WILLIAM H. HOOTON *vs.* SAMUEL GAMAGE & trustee.

If a debtor who has been arrested puts property into the hands of his bail to secure him for his liability on the bail bond, and the bail is then summoned as trustee in a trustee process brought against the debtor by another creditor, the plaintiff in such trustee process is entitled to have the liability of the trustee determined in that process, although it appears that the trustee has been sued on the bail bond.

TRUSTEE PROCESS. At the trial in the superior court, before *Lord*, J., it appeared that at the time of the service upon the supposed trustee he held certain property which had been put into his hands by the defendant as security for his liability as surety for the defendant on a bail bond given in a suit in which the defendant had been arrested. After the service of the

trustee process, the trustee surrendered the defendant, who there-upon took the poor debtor's oath ; but the creditor insisted that the proceedings were irregular, and brought an action against the trustee on the bail bond, which was and is now pending. The judge ruled that the question of the trustee's liability on the bail bond could not be tried in this case, and refused to charge the trustee. The plaintiff then requested the court to pass an order for him to perform what the trustee under the bail bond was bound to perform. The judge asked in what mode he would have performance ordered; and the plaintiff proposed no mode. The judge declined to pass such an order. The plaintiff alleged exceptions.

*D. C. Linscott*, for the plaintiff.

*J. D. Howe*, for the trustee.

BIGELOW, C. J. We can see no legal reason for the refusal of the court to determine whether the personal property belong-ing to the defendant in the hands of the trustee was held by him subject to a valid lien or pledge. The fact that at the time of the service of process on the trustee he held the property as col-lateral security for his liability on a bail bond, in which he was surety for the defendant, did not operate to prevent it from being held by attachment on the writ in this suit. By Gen. Sts. *c.* 142, §§ 55, 56, property so situated is expressly made subject to at-tachment on trustee process.

The suit was therefore properly brought, and it was the right of the plaintiff to ask of the court that any issue properly raised in the case should be tried and determined. Such an issue was raised by the answer of the trustee, by which he set up the right to hold the property in his hands as subject to a valid pledge or lien. If a pledge or lien was found to exist, then it was incum-bent on the court to determine whether the attaching creditor could be allowed to hold the property by furnishing other and satisfactory security to the trustee for his liability on the bail bond, or otherwise saving him harmless thereon. But if no pledge or lien existed on the property at the time of the service of process, or if it had been released and discharged in any way after service and pending this action, then it was the clear right

of the plaintiff to hold the property by his attachment, and to ask that the trustee should be charged therefor. In either aspect, the question of the existence of the pledge or lien was directly in issue, and on its determination the right of the plaintiff to hold the property on his attachment, absolutely or conditionally, essentially depended.

The only reason suggested for the refusal of the court to decide this issue is, that there was then another suit pending for breach of the conditions of the bail bond, in which the question of the liability of the trustee as surety was at issue between him and the original plaintiff in the action in which the bond was taken. But we do not see that this fact affords any legal ground for a refusal to try an issue which was properly raised and before the court for determination in this action; certainly not, when no facts are shown which render it difficult or impracticable to adjudicate on the matters involved in the issue. The parties in the two actions are not the same, nor are the issues identical. It is true that a decision in the suit on the bail bond, if rendered without fraud or covin, might have a direct and essential bearing on the right of the trustee to hold the property in his hands subject to the pledge. But the plaintiff is not a party to that suit, nor can he be bound by the judgment which may be rendered in it. He has a right to insist that the issue raised in the present case should be adjudicated. If the right to hold the property in the hands of a trustee depends on some collateral fact, that fact may be determined in the trustee suit, notwithstanding it may be also the subject of controversy, or be involved in the issue depending in another action between other parties. If such be not the rule, then we are unable to see any limit which can be put to the delay in determining an issue like that raised in the case at bar. The plaintiff would have no means within his reach of obtaining an adjudication, because he could not control or influence proceedings to which he was not a party.

If it be said that the trustee would be exposed to the risk of injury or loss by requiring him to litigate in this suit the ques tion of his liability as surety on the bond, because different

adjudications might be had on the same question in the two actions, the answer is, that he can always address the discretion of the court to obtain a delay of one action until another, involving a similar issue, is determined. But this is a different proposition from that which is insisted on in behalf of the trustee in this action, which involves in substance an absolute denial of the rights of the plaintiff to be heard at all until another case is tried and determined.

*Exceptions sustained.*